POJE et al. v. McLANAHAN. (No. 802.)

(Court of Civil Appeals of Texas. Beaumont. March 16, 1923. Rehearing Denied April 18, 1923.)

1. Boundaries ⬚37(3)—Verdict in boundary suit establishing line as pointed out by plaintiff's grantor sustained.

Evidence in boundary suit *held* to support verdict sustaining boundary line as pointed out by plaintiff's grantor.

2. Appeal and error ⬚930(1)—Presumptions from evidence resolved in favor of judgment.

Every presumption from the evidence must be resolved in favor of the judgment.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Suit by Clarence McLanahan against George Poje and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Goodrich, Davis & McWilliams, of Hemphill, for appellants.

Minton & Lewis, of Hemphill, for appellee.

WALKER, J. This was a boundary suit instituted by appellee against appellants, and involved the location of the boundary line between appellee's land on the west and appellants' land on the east on the Moses Hill survey, in Sabine county, Tex. On a trial to a jury on special issues, judgment was entered in favor of appellee.

[1] Appellants' land is part of the T. G. Warner 513-acre tract off the east end of the Moses Hill league in Sabine county, Tex. The west line of this tract is a straight line

extending from the north boundary line of the league south to the south boundary line of the league. Polo Gocho creek crosses the north end of this tract, and that part of the tract north of the creek, 213 acres, is claimed by the Pickering Lumber Company. That part of it south of the creek, 300 acres, is claimed by appellants. Immediately west of appellants' land, with a common boundary line, is a tract 317 acres, belonging to George W. Tucker. Appellee's land lies north of the Tucker tract and west of the northern part of appellants' tract, and extends north to the Polo Gocho creek. North of the creek and west of the Pickering tract lies the Howard 100-acre tract, which extends to the north boundary line. The three tracts last named extend across the league from north to south, and their east line, as extended from one tract to the other, is a common line with the west boundary line of the Warner tract.

Appellee's land calls to begin "at a stake on the south bank of Polo Gocho creek, from which a hickory marked X bears south 58° east 15 varas, also an elm marked X bears south 54° east, said point being about 200 varas above Crawford's old mill, and being the northeast corner of what is known as the Jacobs tract; thence in a southerly direction with the east line of said Jacobs tract to Tucker's northeast corner," etc. As just stated, Tucker's east line is a common line with the west line of the south end of appellants' tract. There is no question as to the location of the line between appellants and Tucker. There is no question as to the location of the southeast corner of Tucker's tract, which is a common corner with the southwest corner of the Warner tract, which is also the southwest corner of appellants' tract. When the recognized boundary line between appellants and Tucker is extended from Tucker's southeast corner north by his northeast corner in a straight line, it crosses Polo Gocho creek at the point claimed by appellee as his northeast corner, being the point which he claims is the corner described in his field notes as above given. Many old citizens testified in this case who, as boys, carried corn to the old Crawford water mill. They testified that at the point claimed by appellee as his northeast corner was a swimming hole, and on the bank of the creek stood an old hickory marked as a land corner. This old hickory fell into the creek a few years ago, and disappeared. The line extending south from this point was an old marked line, and had been recognized by some for a great many years as the east boundary line of appellee's land, and the west boundary line of appellants' land. In 1904, G. B. McLanahan, under whom appellee holds, and at a time when he owned the land now claimed by appellee, pointed out to John Goodrich his east boundary line. Goodrich testified in this case that the line pointed out to him was the line now claimed by appellee. When the west boundary line of appellants' land, as it is recognized between him and Tucker, is extended north in a straight line from his southwest corner by Tucker's northeast corner, it not only crosses the Polo Gocho creek at the point claimed by appellee as his northeast corner, but, when extended north to the north boundary line of the league, coincides with the boundary line as recognized between the Pickerings on the east and Howard on the west. Appellants insisted that McLanahan pointed out one of two other lines to Goodrich as his east boundary line. The question submitted to the jury was as to which of the three lines was pointed out by McLanahan to Goodrich. The jury sustained appellee's contention. As we understand the evidence, it overwhelmingly supports the verdict of the jury. In fact, we do not see how any other verdict could have been reached.

[2] Appellants insist that appellee showed no title to any land. No question was submitted to the jury on the issue of title. Every presumption arising from the evidence must be resolved in favor of the judgment of the court. Without quoting from the evidence, we believe that the issue of limitation was raised in appellee's favor, as he and those under whom he holds showed a possession from 1863 or 1873. Also the issue of title under prior possession was raised in his favor.

We believe the case was correctly tried, and hence affirm the judgment of the trial court.

Affirmed.